IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MITCHELL LAVERN LUDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:13-CV-353-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CYNTHIA NELSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Mitchell Ludy, who is currently confined at Dodge State Prison in Chester, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Compl. 1, Doc. 1.) Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 5) is thus **GRANTED**.

This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

I.     **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.   BACKGROUND

In his complaint, Plaintiff alleges that while he was incarcerated Dooly State Prison ("DSP") Field Manager Cynthia Nelson, Warden Tom Gramiak, DSP Deputy Warden Walter Berry, DSP Chaplain Danny Horn, DSP Norman Brockway, Shevondah Fields, DSP Counselor Darryl Mortimer, and DSP Deputy Warden Mable Chaney, violated his constitutional right to observe Passover by not allowing him to eat a kosher

diet. (Compl. 6.) Plaintiff seeks compensatory damages in the amount of $975,000[1] and punitive damages in the amount of $50,000. (*Id.*) Plaintiff further asks for injunctive relief in the form of being allowed to observe Passover and that he not be transferred in retaliation for filing this lawsuit. (*Id.* at 8.) Construing Plaintiff's allegations in his favor, the Court concludes that Plaintiff has alleged colorable constitutional and statutory claims against the Defendants. *See* Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc-1 (2004). Accordingly, it is hereby **ORDERED** that service be made on the Defendants and that they file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

However, as to Plaintiff's request for an injunction, the Eleventh Circuit has held that a Plaintiff's RLUIPA claims become moot upon transfer to another facility. *Hathcock v. Cohen*, 287 Fed.Appx. 793, *4 (11th Cir. 2008); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.1988) (explaining an inmate's § 1983 claim for injunctive or declaratory relief are moot once the inmate has been transferred). As such, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file objections to the Recommendation in

---

[1] A Plaintiff may bring RLUIPA claims for nominal damages (but not compensatory or punitive damages) against defendants in their official capacities. *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007).

writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each

Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of

the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED, this 23rd day of September, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE