IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MITCHELL LAVERN LUDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:13-CV-353-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Field Manager CYNTHIA NELSON, *et. al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the court are Defendants' Motion to Dismiss (ECF No. 18), and Plaintiff's two Motions to Amend (ECF Nos. 10 & 11) and Motion for Injunctive Relief (ECF No. 14). For the following reasons, the Court recommends that Defendants' motion be granted and Plaintiff's motions be denied.

## BACKGROUND

On September 18, 2013, Plaintiff, a state prisoner currently incarcerated at Dooly State Prison, filed this complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 (2004). (Compl.; ECF No. 1.) Plaintiff states that he was denied the ability to celebrate Passover according to his "Hebrew Israelite Religion," including receiving kosher meals and unleavened bread products during the Passover holiday. (Compl. 6-7.) Plaintiff alleges he was told that the warden and deputy warden simply refused to allow this observation of his religious holiday. (*Id.*) Plaintiff also makes passing reference to a statement by Defendant Nelson,

Field Operations Manager, that at least some of the prison staff questioned the authenticity of his professed religious beliefs. (Compl. 7.) To compensate for this "Religious persecution Mental and emotional distress," Plaintiff seeks $975,000.00 in compensatory damages and $50,000.00 in punitive damages, and injunctive relief to be allowed to observe Passover. (*Id*. at 7-8.)

In response, Defendants have filed a motion to dismiss the complaint, asserting multiple grounds for dismissal. (Def.'s Mot to Dismiss; ECF No. 18.) Defendants' first ground is that Plaintiff's complaint, filed *in forma pauperis*, should be dismissed for abuse of judicial process in that Plaintiff falsely denied having filed other lawsuits in federal or state court related to his imprisonment. (Def.'s Br. in Supp. of Mot. to Dismiss 3; ECF No. 18-1.) Because the Court finds this argument persuasive and thereby recommends dismissal, it need not review the remaining contentions. Furthermore, based on the Court's recommendation of dismissal, Plaintiff's motions to amend the complaint and for injunctive relief should be denied as moot.

## DISCUSSION

I. **Abuse of Judicial Process**

Defendants contend that Plaintiff has abused the judicial process by failing to answer truthfully on the Section 1983 complaint form filed as his complaint. (Def.'s Br. 3-4.) Defendants show that in the complaint, Plaintiff checked "No" in response to questions four and six regarding previous lawsuits.[1] (*Id*. at 3.) Defendants point out,

---

[1] Question four reads: "Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS

however, that Plaintiff has in fact filed at least three prior lawsuits during his incarceration.  (Def.'s Br. 3-4.)  In January 2005, Plaintiff filed *Ludy v. Hill*, CA No. 2005CV00829-07 (Clayton County Superior Court) ("*Hill 1*"), which was dismissed in July 2006.  (*Hill 1*; ECF No. 18-3.)  Later, in December 2005, Plaintiff filed *Ludy v. Hill*, CA No. 2005CV05313-05 (Clayton County Superior Court) ("*Hill 2*"), which was dismissed in February 2006.  (*Hill 2*; ECF No. 18-4.)  Finally, in June 2006, Plaintiff filed *Ludy v. Hill*, CA No. 1:06cv1424 (N.D. Ga.) ("*Hill 3*"), which was dismissed in October 2006 as a sanction for "failure to follow a lawful order of the court."  (*Hill 3*; ECF No. 18-2.)

In his response to Defendants' motion, Plaintiff does not deny the existence of these suits.  (Pl.'s Reply in Opp'n to Def.'s Mot. to Dismiss 2-3; ECF No. 21.)  He argues, however, that his complaint should not be dismissed because he does not consider them "lawsuits," and in failing to acknowledge their existence on the § 1983 complaint form, he did not act in bad faith as required to impose such a harsh sanction.  (*Id.* at 2-4.)

"Federal courts have the inherent power to impose sanctions on parties, but the court must make a finding of bad faith on the part of the litigant before imposing such sanctions."  *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006).  A party engages in bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order."  *Id.*  The Eleventh Circuit has previously approved

---

involved in this lawsuit or otherwise related to your imprisonment." (Compl. 2) (emphasis in original.)  Question six reads: Have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with facts <u>OTHER THAN</u> those involved in this lawsuit." (Compl. 2) (emphasis in original.)

3

dismissal without prejudice as an appropriate sanction in very similar circumstances. *See e.g. Young v. Sec'y. Fla. for Dep't of Corr.,* 380 F. App'x. 939 (11th Cir.2010) (affirming dismissal of civil rights case pursuant to § 1915(e)(2)(B)(i) based on plaintiffs failure to disclose prior litigation); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011) ("a district court may impose sanctions if a party knowingly files a pleading that contains false contentions").

After reviewing the pleadings and responsive briefs of the parties, the Court finds that Plaintiff has engaged in bad faith by failing to disclose these prior lawsuits when clearly asked on the § 1983 complaint form. Plaintiff's reply brief shows that he was well aware of these filings and attempts to justify his failure to disclose the suits as a layman's innocent mistake. (Pl.'s Reply 2-3.) "However, a defendant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Young*, 380 F. App'x at 940-41; *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (stating that the Court had "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff knew about these lawsuits, and chose not to disclose them to the Court. The Court therefore finds that Plaintiff has engaged in bad faith and has abused the judicial process. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice.

## II. Miscellaneous Motions

Also pending before the Court are Plaintiff's motions to amend the complaint (ECF Nos. 10 & 11) and motion for injunctive relief (ECF No. 14). Because the Court

recommends dismissal of Plaintiff's complaint for abuse of the judicial process, these motions are now moot and it is recommended that they be denied as such.

## CONCLUSION

WHEREFORE, it is hereby RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 18) be GRANTED. It is further RECOMMENDED that Plaintiff's Motions to Amend the Complaint (ECF Nos. 10 & 11) and Motion for Injunctive Relief (ECF No. 14) be DENIED as moot. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 10th day of January, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE